MOORE & COMPANY *v.* HUGGINS, administrator.

1. First grant of a new trial not disturbed.
2. The bill of exceptions specifies: "All of the evidence embraced in said brief is material to a clear understanding of the errors complained of, and is specifically referred to and made a part of this bill of exceptions. The petition, plea, motion for new trial, brief of evidence, and the affidavit of H. H. Huggins as to newly discovered evidence, are parts of the record material to a clear understanding of the errors complained of." *Held,* a sufficient specification under the act of 1889.
(a) The brief of evidence filed upon motion for a new trial is a part of the record, and may as a whole be specified as such.
   December 20, 1890.

New trial. Practice in Supreme Court. Before Judge WELLBORN. Hall superior court. January term, 1890.

Reported in the decision.

T. W. RUCKER and S. C. DUNLAP, for plaintiffs.

A. S. ERWIN, F. M. JOHNSON and J. L. HOPKINS, for defendant.

BLANDFORD, Justice.

The court granted a new trial in this case. This being the first grant of a new trial, we see no error on the part of the court in granting the same; and whatever errors the court may have committed on the former trial of the case it is to be presumed he will correct on the next trial.

A motion was made to dismiss this case upon the hearing before this court, upon the ground that the

record was not properly specified in the bill of exceptions. The specification is as follows : "All of the evidence embraced in said brief is material to a clear understanding of the errors complained of, and is specifically referred to and made a part of this bill of exceptions. The petition, plea, motion for new trial, brief of evidence, and the affidavit of H. H. Huggins as to newly discovered evidence, are parts of the record material to a clear understanding of the errors complained of." The certificate of the judge certifies that the bill of exceptions is true and contains all the evidence, and specifies all the record, material to a clear understanding of the errors complained of; and directs the clerk of the court of Hall county to make out a complete copy of such parts of the record in the case as are in the bill of exceptions specified, and to certify the same as such, etc.   We think the bill of exceptions specifies fully and particularly such parts of the record as the plaintiff in error desired brought to this court, and the court below ordered the clerk to send up such parts of the record as are specified.   This was all that the act prescribing in what manner writs of error are to be brought to this court, requires to be done.   The brief of the evidence filed upon the motion for a new trial in this case is a part of the record and may be specified as such, and need not be specified more particularly as the testimony of certain witnesses and certain documentary evidence introduced upon the trial.   The brief of evidence is but a part of the record, although it may contain many facts and many particulars ; and when it is specified as a part of the record, this complies with the terms of the act. We think, therefore, the defendant in error can take nothing from his motion to dismiss this case. · Motion overruled.                          *Judgment affirmed.*